

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-1996

# Dayhoff Inc v. HJ Heinz Co

Precedential or Non-Precedential:

Docket 95-3404,96-3250

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

## Recommended Citation

"Dayhoff Inc v. HJ Heinz Co" (1996). *1996 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 95-3404 and 96-3250


DAYHOFF INC.,
a California corporation;


Appellant


v.


H.J. HEINZ CO., a Pennsylvania corporation;
HEINZ ITALIA S.p.A., an Italian corporation;
HEINZ DOLCIARIA S.p.A., formerly known as
SPERLARI S.p.A., an Italian corporation;
SPERLARI s.r.l., an Italian corporation;
and HERSHEY FOODS CORPORATION,
a Delaware corporation.


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 93-cv-01794)


SUR PETITION FOR REHEARING
BEFORE ORIGINAL PANEL
ORDER AMENDING SLIP OPINION


BEFORE:  GREENBERG, ALITO, and MCKEE, Circuit Judges

        The petition for rehearing filed by the appellees, H.J.
Heinz Co., Heinz Italia S.p.A., Heinz Dolciaria S.p.A., Sperlari,
s.r.l. and Hershey Foods Corporation, in the above captioned
matter having been submitted to the judges who participated in
the decision of this court and the panel having determined to
grant the petition but only to the extent of amending the panel
opinion.
        It is hereby ordered that the slip opinion in the above
case filed June 24, 1996, be amended to the end that the
incomplete paragraph at the bottom of the page shall end eight
lines from the bottom at the end of the sentence concluding "may
be distinguished from that before us."  At that point two
paragraphs reading as follows shall be inserted:
            Further, this case presents a different
            issue than those we addressed in Barrowclough
            v. Kidder, Peabody & Co., Inc., 752 F.2d 923
            (3d  Cir. 1985), overruled on other grounds
            by Pritzker v. Merrill Lynch, Pierce, Fenner

& Smith, Inc., 7 F.3d 1110 (3d Cir. 1993), and Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110 (3d Cir. 1993). In Barrowclough, we upheld the enforcement of an arbitration clause in an action between a fired employee and his former employer, applying the agreement not only to the plaintiff's claims against his employer, but also to his claims against additional, non-signatory defendants. However, in Barrowclough, the plaintiff had signed an agreement with the New York and American Stock Exchanges that required him to submit all disputes "arising out of [his] employment or the termination of [his] employment" to arbitration. Id. at 937. The non-signatory defendants, who were directly tied to the plaintiff's former employer, did not object to arbitration. Id. at 938. Moreover, the contingent beneficiaries under the plaintiff's deferred compensation plan, who joined in the suit as plaintiffs, claimed no present entitlement to the deferred compensation and pressed no claims separate from his. Id. Thus, we held that their "inchoate and derivative claims should not entitle them to maintain separate litigation in a forum that has been waived by the principal beneficiary." Id. at 938–39. Barrowclough thus presented a vastly different factual scenario from the case before us.

Likewise, our holding in Pritzker does not alter our decision here. In that case, we reaffirmed the idea that "[b]ecause a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements." 7 F.3d at 1121. We also held there that an arbitration agreement between pension plan trustees and a securities broker applied to the broker's sister corporation that acted as the broker's advisor and that allegedly participated knowingly in breaches of fiduciary duties owed to the plan. Even though the sister corporation had not signed the arbitration agreements, we applied agency logic in finding that the sister corporation's interests were directly related to, if not predicated upon, the broker's conduct and that the trustee's claims against it were therefore subject to compulsory arbitration.

Clearly, this agency theory is not applicable to the facts before us.

Following the insertion of the foregoing two paragraphs the incomplete paragraph shall resume with the words "We also point out" but these words shall be the beginning of a new complete paragraph.

BY THE COURT:

/s/ Morton I. Greenberg

Circuit Judge

DATED:   July 24, 1996